GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
E. A. SCOTT.

Decided March 8, 1899.

1. Charge of Court—Negligence—Intervening Agency.

A requested charge in an action for personal injuries precluding recovery for the defendant's negligence if there was a new or intervening agency, is properly refused where there is no evidence to sustain it, and where it is substantially covered by the charges already given.

2. Damages for Personal Injury.

A verdict of $15,000 for personal injuries causing severe suffering, and which are probably permanent, will not be held excessive where plaintiff was 37 years old at the time of the injury, was earning from $1800 to $2400 a year, and was in excellent health.

APPEAL from Presidio. Tried below before Hon. A. M. WALTHALL.

*Beall & Kemp,* for appellant.

*Foley & Davis* and *P. H. Clarke,* for appellee.

JAMES, CHIEF JUSTICE.—The plaintiff Scott, a passenger, was injured at Marfa by falling from the platform of appellant's train and losing one of his feet, which was run over by the wheels of the train.

We conclude from the testimony that there was evidence of negligence of defendant's servants in causing the train to be suddenly jolted, and that as the proximate result of this negligence plaintiff came by his injury, without any contributory negligence on his part. And we further conclude from the evidence that the verdict was not excessive in amount.

*Opinion.*—The first assignment of error, which complains of the refusal of a charge in substance that if plaintiff was injured by the negligence of defendant he would be entitled to recover only such damages as were the natural and proximate result of falling from the train, and if plaintiff fell from the train and afterward through his own negligence or fault got his foot under the wheels of the car at another time and place, he can not recover for such additional injuries received.

The instructions given confined plaintiff's recovery to such injuries as resulted from the jolt. The manifest purpose of the requested charge was to save defendant from being held liable for the injury to plaintiff's foot upon the ground that this particular injury was occasioned by plaintiff's own negligence or fault in getting or placing his foot under the wheels. The record is free from anything that reasonably indicates any intervening or outside cause of such injury, and it is clear that there was no other cause than the jolt, unless it be some contributory act of the plaintiff himself.

We are of opinion that the court gave substantially the requested charge, in charging that if the jury believed that plaintiff did any act

that a man of ordinary prudence would not have done, contributing to his injury, he could not recover. The requested charge was nothing more than that if plaintiff did a certain negligent act contributing to his injury, he could not recover. In this connection it must be borne in mind that there was no matter of damages submitted except in reference to the injury to plaintiff's foot.

From what has been said there is no merit in the second assignment. There was no testimony that would lead to a finding of a new or intervening agency in this case. Nor do we find any substantial objections in the third and fourth assignments.

In reference to the fifth assignment, we conclude that the court under the circumstances committed no error in the ruling it made, at least none of which defendant has a right to complain.

The testimony shows that plaintiff's injury—the crushing and consequent amputation of his foot—resulted in much more than the mere loss of the member. There is evidence which shows that the result to plaintiff from such cause is a total disability accompanied by severe suffering, which is probably permanent. He had been earning from $1800 to $2400 a year, and was at the time of his injury 37 years of age and in excellent health. The verdict of $15,000 should not be disturbed as excessive. Affirmed.

*Affirmed.*

Writ of error refused.